UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
G.D.S., a minor child, by his father and natural guardian, Robert Slade,

                               Plaintiff,

-against-

NORTHPORT-EAST NORTHPORT UNION FREE SCHOOL DISTRICT, DR. MARYLOU MCDERMOTT, Superintendent of Northport-East Northport Union Free School District, and IRENE MCLAUGHLIN, Principal of Northport High School,

                               Defendants.
------------------------------------------------------------------X

Docket No.: 12-CIV-2191
(ADS)(GRB)

**STIPULATION AND PROTECTIVE ORDER**

      **WHEREAS**, the parties hereto have requested or may request in the future the disclosure of documents and information related to confidential student matters or to confidential matters involving the minor Plaintiff and other minor children in the Slade household; and

      **WHEREAS**, the parties object to the production or future production of such documents and information unless appropriate protection for their confidentiality is assured;

      **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorney for plaintiff and defendant, as follows:

      1.    As used herein, "Confidential Materials" shall mean documents and information related to confidential student matters and to confidential matters involving the minor Plaintiff or

other minor children in the Slade household that may, during the pendency of this litigation, be designated as confidential by either party.

2. The parties shall designate in good faith particular documents or any part thereof that relate to confidential student matters or to confidential matters involving the minor Plaintiff or other minor children in the Slade household as "Confidential Materials" by labeling such documents "Confidential" and/or by designating such documents by Bates number in writing and directed to counsel for the non-disclosing party.

3. The designation of "Confidential Materials" may be removed from documents or information only with the express written consent of both the original disclosing and objecting parties.

4. The parties shall have a reasonable time in which to inspect and designate as "Confidential Materials" documents sought by subpoena from third parties, and such documents, if produced to the requesting party, shall be treated as "Confidential Materials" during such reasonable period. The parties reserve the right to designate any documents confidential pursuant to this agreement if necessary after production of such documents.

5. If a party objects to the designation of particular documents as "Confidential Materials," counsel for such party shall state such objection in writing, and the parties shall endeavor in good faith to resolve such objection. If such objection cannot be resolved, then the objecting party shall, within twenty-one (21) days of raising the objection, move for an order challenging the designation of the documents as "Confidential Materials." The parties agree to maintain the material that is the subject of the objection as "Confidential Materials" until such time as a ruling is obtained from the Court and the time for appeal of such ruling has been exhausted and any appeal has been finally resolved.

6. Neither the parties nor their attorneys shall use the Confidential Materials for any purpose other than for the preparation or presentation of their case in this action.

7. Counsel for the parties shall not disclose the Confidential Materials to any person not a member of the staff of his or her law office, except under the following conditions.

> a. Disclosure may be made only if necessary to the preparation or presentation of a party's case in this action.
>
> b. Disclosure before trial may be made only to the parties in this action or their attorneys, to an expert who has been retained or specially employed by their attorneys in this action in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court.  In the event a conflict arises between the parties as to whether plaintiff or defendant may show the Confidential Materials to a potential deponent, or other person whom counsel reasonably believes may have knowledge of the information described or referred to in the Confidential Materials, plaintiff and/or defendant agree not to do so until such time that the parties can obtain a ruling from the Court in this regard.
>
> c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), counsel for the parties shall provide each such person

>with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by the attorney and copies provided to counsel for the party who provided the materials and designated them Confidential Materials.

8. Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

9. If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

**CONFIDENTIAL**

>This envelope contains documents or information designated confidential pursuant to an order entered by the United State District Court for the Eastern District of New York in the above-captioned action. This envelope shall

        not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this case.

10. Where the Confidential Information is not material to issues addressed in court submissions and the parties all agree in writing that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of parties or non-parties, the parties may file redacted documents without further order of the Court.

11. Within 30 days after the termination of this case, including any appeals, the Confidential Materials, including all copies, notes, and other materials containing or referring to information derived therefrom, shall be returned to the disclosing attorneys or destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to the disclosing attorneys.

12. Nothing in this Stipulation and Protective Order shall be construed to limit the disclosing parties' use of the materials they provided and designated Confidential Materials in any manner.

[The remainder of this page is intentionally left blank]

13. The parties reserve their rights to seek modification of this Stipulation and Protective Order by application to the Court for good cause shown at any time during the course of this litigation.

Dated: Carle Place, New York
       January 7, 2013

| | |
|---|---|
| MOSKOWITZ & BOOK, LLP<br>*Attorneys for Plaintiff*<br>345 Seventh Avenue, 21st Floor<br>New York, NY 10001<br>(212) 221-7999<br><br>By: _____<br>M. Todd Parker | SOKOLOFF STERN LLP<br>*Attorneys for Defendants*<br>179 Westbury Avenue<br>Carle Place, New York 11514<br>(516) 334-4500<br>File No.: 110102<br><br>By: _____<br>Adam I. Kleinberg |

SO ORDERED:

_____

## EXHIBIT A

The undersigned hereby acknowledges that he/she has read the Stipulation and Protective Order entered in the United States District Court for the Southern District of New York on _____, 2013, in the action entitled <u>G.D.S. v. Northport-East Northport Union Free School District, et al.</u>, Docket No. 12-CIV-2191 (ADS)(GRB), and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____         _____
              Date                                                                       Signature

                                                                               _____
                                                                                   Print Name

                                                                               _____
                                                                                   Occupation